## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.** |
| **v.** | ) | **4:08CV02816 BSM** |
| | ) | |
| **ABC FINANCIAL SERVICES, INC.** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |

### CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter the "Commission") against the Defendant ABC Financial Services, Inc. (hereinafter "Defendant"), to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII), and the Civil Rights Act of 1991, 42 U.S.C. §1981a, and to remedy unlawful practices alleged in the Complaint filed in this action. Specifically, the Complaint alleged that Defendant terminated the employment of Reshma Bandaru Lawrence because of her pregnancy.

In the event this proposed Consent Decree is not approved or does not become final, then it shall not be admissible in evidence in any subsequent proceeding in this action. This Decree shall not be admissible in any other civil actions other than actions arising out of the rights and obligations of the parties under this Decree.

Further, nothing herein shall be deemed to be an admission by Defendant that it has at any time or in any manner violated Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e et seq. (Title VII), and the Civil Rights Act of 1991, 42 U.S.C. §1981a. Defendant denies violating Reshma Bandaru Lawrence's rights and denies any liability to Reshma Bandaru Lawrence in any respect.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations and the statements of counsel for all parties and hereby approves the Consent Decree.

**NOW, THEREFORE**, the Court being fully advised in the premises, it is hereby **ORDERED, ADJUDGED AND DECREED**:

## I. JURISDICTION

The United States District Court for the Eastern District of Arkansas, Western Division, has jurisdiction over the parties and subject matter of this litigation.

## II. SCOPE AND DURATION OF DECREE

A.     This Consent Decree resolves all issues and claims arising out of the Commission's Complaint in this cause alleging unlawful employment policies and practices maintained by the Defendant and arising out of Charge No. 493-2008-00180 filed by Reshma Bandaru Lawrence with the Commission.   Notwithstanding any provisions contained in this Decree, this Agreement shall not be considered in any manner to be dispositive of any charges now pending before any office of the Commission other than Charge No. 493-2008-00180.

B.     The provisions of this Consent Decree shall continue to be effective and binding upon the parties to this action for a period of one year from the date of the entry of this Decree. The provisions of Section II(A), above, shall continue to be effective and binding upon the parties to this action perpetually.

### III. <u>INJUNCTIVE RELIEF</u>

A.    Defendant, its officers, agents, employees, and all persons acting in concert with the Defendant are enjoined from discriminating against any employee because of the employee's sex, because of pregnancy, or any pregnancy related condition.

B.    Defendant, its officers, agents, management, (including supervisory employees), successors, and assigns are enjoined from retaliating against any employee.

### IV.    TRAINING

Defendant shall provide pregnancy discrimination awareness training to all supervisory and management personnel at its facility, according to the following terms:

(a)    The training session will include at least two hours of instruction.

(b)    The training will include the following topics: what constitutes pregnancy discrimination; how to prevent, identify and remedy pregnancy discrimination; what constitutes retaliation in violation of Title VII; Defendant's policy against pregnancy discrimination, including procedures and responsibilities for reporting, investigating, and remedying conduct an employee believes may constitute pregnancy discrimination.

(c)    Within thirty (30) days after execution of this Consent Decree by the parties, Defendant shall submit to the Commission the date of the proposed training session and a detailed outline of the proposed training. The Commission will have thirty (30) days after the date of receipt of such information to accept or reject the training proposal. The Commission will not unreasonably withhold its approval of the proposal.    If the Commission does not approve the contents of the training session, the parties shall attempt to resolve the matter, and if unsuccessful, shall submit the dispute to the Court.

(d)    The training session will be conducted within ninety (90) days after the date of the

entry of this Consent Decree by the Court or within thirty (30) days of approval of the outline or resolution of disputes relating to same as set forth in (c) above, whichever occurs later.

## V.     REPORTING

A.      Within 120 days of this entry by the Court of this Agreement, Defendant shall provide documentation to the EEOC of the training for the managers and supervisors.  Defendant will provide a report of the training to include a list of the employees that attend the training session, a copy of the syllabus, and a copy of the training materials will be provided to Plaintiff within ten days following the training session.

B.      The Defendant will provide a final report to the EEOC after 11 months from the entry of this Agreement by the Court.  The report will include any additional training conducted by Defendant during the relevant time period.  Additionally, the report will include any complaints of pregnancy discrimination.

## VI. NOTICE

Defendant shall conspicuously post the notice (poster) required to be posted by Title VII of the Civil Rights Act of 1964, as amended.  Furthermore, Defendant shall conspicuously post the notice at Appendix A of this Decree for a six month period commencing within ten (10) days after entry of this Decree by the Court.

## VII. INDIVIDUAL RELIEF

A.      Defendant agrees to expunge the personnel records of Reshma Bandaru Lawrence of any potentially unfavorable or adverse personnel comments regarding any aspect of her application or employment with Defendant.  Defendant shall expunge from these employment records any reference to the charge of discrimination or the litigation of the matter.

Within ten days of entry of this Decree, Defendant shall mail a cashier's check payable to "Reshma Bandaru Lawrence" in the amount of $20,000 in compensatory damages, less applicable withholdings, at the following address.

> Reshma Bandaru Lawrence
> 110 Marvin Street
> North Little Rock, AR  72117

B.      Defendant shall forward a copy of the check to Pamela B. Dixon, Senior Trial Attorney, at the Commission's office in Little Rock, Arkansas.

## VIII.  COSTS

Plaintiff and Defendant shall bear their own costs, including attorneys' fees.

SO ORDERED THIS 16 DAY OF Aqs-l , 2009.


**BRIAN MILLER**
**U. S. DISTRICT JUDGE**

**COUNSEL FOR PLAINTIFF**                    **COUNSEL FOR DEFENDANT**

**DYLAN POTTS**
Gill, Elrod, Ragon, Owen Sherman
425 West Capital Ave., Ste. 3801
Little Rock, AR 72201
Telephone 501-376-3800

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, TN  38104
(901) 544-0088

**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney

**PAMELA B. DIXON**
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, Arkansas 72201
Telephone:  (501) 324-5065

EXHIBIT A

**NOTICE**

1.  This Notice to all employees of ABC Financial Services, Inc. (hereinafter "ABC") is being posted as part of a remedy agreed to between ABC and the Equal Employment Opportunity Commission in settlement of a lawsuit filed by the EEOC against ABC.

2.  As part of the settlement ABC has agreed to retrain its supervisors and managers on the prevention of discrimination in the workplace.

3.  Title VII of the Civil Rights Act of 1964, as amended, is a federal law that requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and older), pregnancy, or disability.

4.  ABC supports and complies with Title VII in all respects and will not take any action against employees because they have opposed employment practices made illegal by Title VII or exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission, or because they testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII.

5.  If you believe that you have been discriminated against because of your pregnancy, or due to retaliation, you may contact the Equal Employment Opportunity Commission (EEOC) at the following national toll free number:
    1-800-669-4000. If you have a TTY device for hearing impaired:  TTY Number is 1-800-669-6820. You may also contact the EEOC's Memphis District Office at the following number: 1-501-324-5014 (TTY)

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This notice must remain posted for six months from the date below, and must not be altered, defaced, or covered by any material.

ABC Financial Services, Inc.
Title

Date

EXHIBIT B

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of _____
while employed at ABC Financial Services, Inc.

_____ worked at ABC as a _____ from _____ through _____.
Company policy does not permit us to give out any more information concerning
_____'s employment.

Very truly yours,

ABC Financial Services, Inc.